IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DRALON DURAN PATTERSON,        §
TDCJ No. 2378876,              §
                              §
        Petitioner,            §
                              §
V.                            §        No. 3:24-CV-0217-D
                              §
DIRECTOR, TDCJ-CID,            §
                              §
        Respondent.            §

## **ORDER**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case.   Petitioner Dralon Duran Patterson ("Patterson") filed objections and a motion to stay.   The undersigned district judge reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.

I

The court finds no error and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

II

After the United States Magistrate Judge recommended that Patterson's habeas application be dismissed without prejudice for failure to exhaust available state remedies, Patterson moved the court to stay the proceeding "so that he can

1

exhaust state court remedies," further explaining that he "is currently working on a 11.07 state habeas corpus writ that exclusively addresses the issue of inordinate appellate delay in adjudicating his criminal direct appeal."

"District courts may stay federal habeas proceedings to allow a petitioner to exhaust a claim in state court to ensure that petitioners with mixed claims do not 'forever los[e] [the] opportunity for any federal review of their unexhausted claims." *Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 482 (5th Cir. 2023) (quoting *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). Such "[a] stay is available where a petitioner can show: (1) good cause for the failure to exhaust, (2) that the request is not plainly meritless, and (3) that the request is not for purposes of delay." *Id.* (citing *Rhines*, 544 U.S. at 277-78). And "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278).

Patterson has not filed a mixed petition in federal court. All of his habeas claims are unexhausted. Because his direct appeal remains pending in the intermediate state court of appeals, Patterson has not yet submitted the factual and legal basis of any claim to the highest available state court—the Texas Court of Criminal Appeals ("TCCA")—for review in a procedurally correct manner. So the stay-and-abate procedure contemplated by *Rhines* arguably does not apply here.

But even if Patterson is entitled to file a protective petition under *Rhines*, he has not shown good cause for the court to grant a stay. Because Patterson's direct

2

appeal remains pending, the state criminal judgment has not become final.   So to the extent that Patterson presents § 2254 claims attacking the validity of that judgment, finality of the judgment is what typically starts the one-year limitations period for seeking federal habeas review under 28 U.S.C. § 2254.   *See* 28 U.S.C. § 2244(d)(1)(A).   There can therefore be no "reasonable confusion" that Patterson's efforts to collaterally attack the judgment is premature.   *See Pace*, 544 U.S. at 416.

Finally, as Patterson admits in his motion to stay, he has not presented his claim of excessive appellate delay to the TCCA.   And he has failed to show a basis to stay this proceeding while the TCCA adjudicates that claim.

III

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.   The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling."   *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

3

But if petitioner elects to file a notice of appeal, he must either pay the applicable appellate filing fee or move for leave to appeal *in forma pauperis*.

**SO ORDERED**.

March 26, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE

4